UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

JEAN MARIO FRANCOIS,

    Plaintiff,

vs.

AFFORDABLE IRRIGATION INC.,
A Florida Profit Corporation, and
MARCO ROSAS, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff JEAN MARIO FRANCOIS, (hereinafter, "Plaintiff") by and through his undersigned attorney hereby sues Defendants AFFORDABLE IRRIGATION INC., a Florida Profit Corporation (hereinafter "AFFORDABLE IRRIGATION"), and MARCO ROSAS, individually (hereinafter "ROSAS") (collectively "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), as well as Defendants' violation of 26 U.S.C §7434 for filing with the United States Internal Revenue Services ("IRS") fraudulent information return on behalf of Plaintiff.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff is employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

1

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendants. Specifically, Plaintiff has performed work for Defendants as a laborer since February of 2017 through the present. Plaintiff is therefore an employee as defined by 29 U.S.C. § 203(e).

7. AFFORDABLE IRRIGATION is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. AFFORDABLE IRRIGATION has its principal place of business in North Miami, Florida. AFFORDABLE IRRIGATION has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. AFFORDABLE IRRIGATION is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, AFFORDABLE IRRIGATION is a full-service irrigation installation and repair company to residential and commercial customers remodels using materials, that are shipped across state lines.

10. At all times material to this Complaint, AFFORDABLE IRRIGATION has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Defendant AFFORDABLE IRRIGATION, upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant ROSAS is a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendant, AFFORDABLE IRRIGATION.

13. Defendant ROSAS acted directly in the interest of his company, AFFORDABLE IRRIGATION. Upon all available information, ROSA controlled the way Plaintiff performed his work and the pay he was to receive.

14. Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

15. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

16. Plaintiff began working for Defendants in April 2007 as a laborer. His primaries duties have at all relevant times to perform manual labor related to the installations and repairs. Plaintiff earned $11.00/hour in 2019 and 2020. Starting on September 2021 through the present, Plaintiff's rate increased to $12.50/hour. However, during the relevant time, Plaintiff was not compensated "on the books" for any of his hours over 40 in a work week.

17. A review of the pay stubs in which Plaintiff has in his current possession, custody, and control reflect that Plaintiff worked exactly 40 hours every pay period on a bi-weekly basis. Plaintiff is then issued a company check (rather than payroll check) claiming to compensate him for the additional 40 hours minus payroll deductions.

18. From February 2020 through at least July 2021, Plaintiff regularly worked at least five days a week, at least ten (10) hours a day.

19. During that time, Plaintiff was paid cash for the hours he worked over 40 hours in a particular workweek. However, based on information and belief, that payment was not at a rate of time and one-half the applicable regular rate and did not compensate him for all overtime worked.

20. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

21. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

22. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

23. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

24. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

25. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

26. For the relevant time period, Plaintiff received an IRS W-2 form from Defendants, which Defendants also were required to submit to the IRS, in which Defendants were required to accurately report the wages Plaintiff had received. However, Defendants deliberately misstated Plaintiff's income on their reports to the IRS. Which, upon information and belief, was not the same amount that was stated in the IRS W-2 form Plaintiff received from Defendants.

27. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

## COUNT I
### VIOLATION OF FLSA/OVERTIME against AFFORDABLE IRRIGATION

28. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein:

29. Since the commencement of Plaintiff's employment, Defendant AFFORDABLE IRRIGATION has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times his regular rate.

30. Specifically, From February 2020 through July 2021, Plaintiff regularly worked at least 50 hours in a designated workweek. However, he was not compensated at the rate of his regular time plus one-half for the hours worked over forty (40).

31. Plaintiff was not exempted from the overtime provision of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

32. AFFORDABLE IRRIGATION has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

33. By reason of the said intentional, willful, and unlawful acts of AFFORDABLE IRRIGATION, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

34. As a result of AFFORDABLE IRRIGATION's willful violations of the Act, Plaintiff is entitled to liquidated damages.

35. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from AFFORDABLE IRRIGATION.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant AFFORDABLE IRRIGATION:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights.

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME against ROSAS

36. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein:

37. Defendant ROSAS was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C § 203(d)] in that ROSAS acted directly in the interest of corporate Defendant AFFORDABLE IRRIGATION in relation to its employees including Plaintiff.

38. Specifically, ROSAS supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

39. ROSAS had and still has operational control of the business and is thus jointly liable for Plaintiff's damages.

40. Defendant ROSAS willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant ROSAS:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF 26 U.S.C. §7434
## *against* AFFORDABLE IRRIGATION

41. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein.

42. Under 26 U.S.C. §7434, if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

43. The IRS W-2 form issued by AFFORDABLE IRRIGATION to Plaintiff for 2019, 2020, 2021

was and is a "fraudulent information return" for purposes of civil liability under 26 U.S.C. §7434.

44. AFFORDABLE IRRIGATION issued to the IRS a fraudulent W2 form for 2019, 2020, 2021 on behalf of Plaintiff in that AFFORDABLE IRRIGATION, with full knowledge of Plaintiff's wages, willfully and falsely substantially understated to the IRS Plaintiff's income. Furthermore, upon information and belief, the IRS form filed by AFFORDABLE IRRIGATION was different than the one issued to Plaintiff. Thus, exposing Plaintiff to tax liability.

45. As a direct result of the AFFORDABLE IRRIGATION's filing of fraudulent information return on behalf of Plaintiff, Plaintiff has suffered actual damages, including added tax liability and added expenses in having to correct any future tax returns or to have an amended tax return prepared. In any event, Plaintiff is entitled to recover a minimum of $5,000.00 under 26 U.S.C. §7434(b).

46. Plaintiff is entitled to recover, in addition to his actual damages and costs of suit, his reasonable attorney's fees under 26 U.S.C. §7434(b)(3).

47. Plaintiff has complied with the requirements of 26 U.S.C. §7434(b)(3) including sending a copy of this Complaint to the IRS.

WHEREFORE, Plaintiff requests that this court enter judgment against **AFFORDABLE IRRIGATION** for his actual damages in the amount of no less than $5,000, costs, interest, attorneys' fees and such further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JEAN MARIO FRANCOIS, demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: September 1, 2022  **PEREGONZA THE ATTORNEYS, PLLC**

5201 Blue Lagoon Drive
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: */s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: */s/ Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com